UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAISY LYNNE MEADOWS,<br><br>                Plaintiff,<br><br>v.<br><br>NETHANJAH CHILDERS, *et al.*,<br><br>                Defendants. | Case No. 3:22-CV-00383-MMD-CLB<br><br>**ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL AND DENYING WITH LEAVE TO REFILE MOTION TO COMPEL**<br><br>[ECF Nos. 55, 56] |

Currently pending before the Court is Plaintiff Daisy Lynne Meadows's ("Meadows") motion for appointment of counsel. (ECF No. 55.) Defendants did not oppose the motion. Having considered Meadows's motion and the docket in this case, the Court finds that exceptional circumstances exist that support the appointment of counsel and therefore grants Meadows's motion.

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.)  While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v.*

*Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

Having considered Meadows's motion and the docket in this case, the Court finds that exceptional circumstances warrant appointment of counsel. *Terrell*, 935 F.2d at 1017. While the Court is uncertain about Meadows's likelihood of success on the merits at this juncture, the Court does not believe Meadows can appropriately articulate the several claims that are proceeding in this action, including her claims for Fourteenth Amendment due process right to marriage, First Amendment retaliation, Eighth Amendment failure to protect, and Fourteenth Amendment equal protection violations. (*See* ECF No. 14.) Taking all these facts and circumstances into account, the Court finds that Meadows has shown that exceptional circumstances exist here.

The Court therefore grants Meadows's motion for appointment of counsel, (ECF No. 55), and stays this case in its entirety until pro bono counsel is identified and formally appointed. In addition, this case is referred to the Pro Bono Program adopted in the Amended General Order 2019-07 for the purpose of identifying counsel willing to be appointed as pro bono counsel for Meadows. By referring this case to the Program, the Court is not expressing an opinion on the merits of the case.

Finally, in light of the stay and appointment of counsel, the Court denies with leave to refile Meadows's motion to compel, (ECF No. 56). No further documents shall be filed until pro bono counsel has been identified and appointed in this action.

Accordingly, **IT IS HEREBY ORDERED** that Meadows's motion for appointment of counsel, (ECF No. 55), is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is referred to the Pro Bono Program for appointment of counsel for the purposes identified herein.

**IT IS FURTHER ORDERED** that the Clerk shall also forward this order to the Pro Bono Liaison.

**IT IS FURTHER ORDERED** that this case is stayed in its entirety until pro bono counsel is identified and formally appointed in this case.

**IT IS FURTHER ORDERED** that Meadows's motion to compel, (ECF No. 56), is **DENIED with leave to refile**.

**IT IS FURTHER ORDERED** that no further documents shall be filed in this action until pro bono counsel has been identified and appointed.

**IT IS SO ORDERED.**

DATED: December 5, 2023

_____
UNITED STATES MAGISTRATE JUDGE